# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )    **Case No. 25-cr-30025-SMY** |
| | ) |
| JAMES W. BERNER, | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

**YANDLE, Chief District Judge:**

Pending before the Court are the Notices of Intent and Motions *in Limine* filed by the United States of America (Docs. 37 and 38) and Defendant James W. Berner (Doc. 42). For the reasons more fully stated on the record during the August 5, 2026 Final Pretrial Conference, the Court rules as follows:

### Government's Motions *in Limine* (Doc. 37)

The Government moves to prohibit Defendant from introducing reverse 404(b) evidence that someone other than the Defendant committed the charged offense. Specifically, Defendant intends to present evidence regarding the conduct and behavior of his brother Robert Berner who also resided at the home during the relevant time. The Court finds that there is no connection or significant similarity between the proffered reverse 404(b) evidence and the charged offense of attempted sexual exploitation of a minor. Accordingly, the motion is **GRANTED**.

Next, the Government moves to prohibit Defendant from introducing evidence or questioning witnesses as to Minor Victim's sexual activity. The motion is **GRANTED** without objection.

**Government's Notice of Intent to Admit and Motion for Pretrial Ruling on Admission of Certified Records (Doc. 38)**

The Government provides notice of its intent to admit certified business records from Google and moves the Court for pretrial rulings on admission of these certified records. The Court finds that the certified business records are authentic to the extent the Government has provided certification from custodians of records and admissible. Defendant does not object. Accordingly, the motion is **GRANTED**.

**Defendant's Motions *in Limine* (Doc. 42)**

Defendant moves to prohibit the Government from referencing his prior convictions. The argument contends that Minor Victim will testify that Defendant offered her drugs and alcohol on numerous occasions, including one month prior to his arrest. The Government argues that this evidence establishes Defendant's attempt to exploit Minor Victim. The Court finds that this evidence is not probative to establish the charged offense and is highly prejudicial. Accordingly, the motion is **GRANTED**.

Next, Defendant moves to prohibit the Government from referencing any alleged pornography habits of the Defendant. The Government argues evidence that Minor Victim observed Defendant viewing "daddy/daughter" pornography is direct evidence of the charged crime, goes to Defendant's intent, and is admissible. The Court finds that this evidence is not direct evidence of the charged offense, is not probative of Defendant's intent in this case, and the prejudicial effect outweighs any probative value. Accordingly, the motion is **GRANTED**.

　　**IT IS SO ORDERED.**

　　**DATED:　August 5, 2026**

　　　　　　　　　　　　　　　　　　　　　　　　*Staci M. Yandle*

　　　　　　　　　　　　　　　　　　　　　　　　**STACI M. YANDLE**
　　　　　　　　　　　　　　　　　　　　　　　　**Chief United States District Judge**